### Joseph Ney v. Henry Rothe.

(Case No. 4002.)

1. Practice — Order of argument. — When a defendant files in the cause a written admission, that the plaintiff has a good cause of action as set forth in his petition, except so far as it might be defeated in whole or in part by the facts constituting the defense, which might be established on the trial in accordance with rule 31, he is entitled to open and close in adducing evidence and in the argument of the cause. The rule securing this

privilege confers a substantial right, the refusal of which will be cause for reversal, unless it appears from the entire case that the defendant has not been injured.

2. LIMITATION — NEGLIGENCE.— In a suit upon a promissory note executed by a merchant to his book-keeper, the defense was that the plaintiff was really indebted on account to defendant at the time it was executed, the true state of the account being fraudulently concealed by the plaintiff, and that the note was thus procured from defendant in ignorance of his rights. *Held,* that limitation ran against the account pleaded in payment of the note from the date of the discovery of the fraud, or when by the exercise of proper diligence it could have been discovered.

APPEAL from Medina. Tried below before the Hon. Thomas M. Paschal.

The original petition in this cause was filed August 29, 1877. It was a suit by appellee against appellant upon the following note:

" $2,029.09.                                JANUARY 1, 1875.

" One day after date I promise to pay to the order of Henry Rothe the sum of two thousand, and twenty-nine $\frac{9}{100}$ dollars, at ———, value received.

(Signed)                                " JOSEPH NEY."

October 4, 1877, defendant answered as follows: 1st. General denial. 2d. That the note was given without consideration. 3d. That defendant has fully paid the same and had full and complete offsets thereto.

April 1, 1878, defendant amended, setting out fully his defense. He admitted the execution of the note, but alleged that it was procured by the fraud of the plaintiff, and given by defendant through mistake, as follows: Plaintiff had obtained large quantities of goods, etc., from defendant during a period of time extending from January 1, 1869, up to the date of the note. Defendant was a merchant, and plaintiff was his book-keeper and confidential clerk, and, by false and fraudulent entries in the books, and by false and fraudulent statements to defendant, had induced him to believe that he, plaintiff, was not indebted to him for the goods, etc., and had thus obtained from defendant the note sued on, when in truth and in fact the plaintiff was indebted to the defendant over and above the amount of said note, in the sum of $1,389.69.

He then gave a detailed account of the alleged fraudulent entries, etc., made by defendant, and annexed as an exhibit the itemized account of the dealings of the parties from January 1, 1869, up to the date of the note. He prayed for judgment against plaintiff for the sum alleged to be due him, for interest and costs.

Plaintiff replied by general demurrer, special demurrer and special plea — both setting up the limitation of two years.

The cause was tried before a jury and judgment was rendered for the plaintiff for the full amount of the note with interest and costs.

A detail of the evidence is unnecessary.

*Waelder & Upson* and *Thompson & Sullivan*, for appellant, cited: Rule 31 for the District Court; Beirne & Burnside v. Kelsey, 21 Tex., 190; Kerr on Fraud, 150, 172, 173, 174, 182, 183, 386; Pasch. Dig., arts. 3433, 3444–45; Ogden v. Slade, 1 Tex., 13; Thomas v. Young, 5 Tex., 253; Kessler v. Zimmerschitte, 1 Tex., 55.

*Simpson & James* and *N. O. Green*, for appellee, cited: Pasch. Dig., art. 3447; Duncan v. Magette, 25 Tex., 246; Holliman v. Rogers, 6 Tex., 98; Lowe v. Dowbarn, 26 Tex., 508; McDonald v. McGuire, 8 Tex., 361; Ford v. Clements, 13 Tex., 597; Henderson v. Gilliam, 12 Tex., 73; Goode v. McCartney, 10 Tex., 193; Masterson v. Goodlett, 46 Tex., 407.

DELANY, J. COM. APP.— In our opinion the first assignment of error is well taken. The defendant in his answer admitted the execution of the note, but charged that it had been executed by him through mistake, and was without consideration; and further, that it had been procured by the fraudulent contrivances of the plaintiff.

Putting his admission into writing, in the language prescribed by rule 31 (47 Tex., 622), he asked that it be entered of record and that he be allowed to open and close in the conduct of the cause. This the court refused, and the defendant was compelled to take the burden of proof, while the plaintiff was allowed to open and close.

We believe that rule 31 was intended to secure to the defendant a substantial right, and a deprivation of that right by the ruling of the court is error for which the judgment will be reversed, unless it appear that the defendant has not been injured thereby.

Many questions are raised and discussed by appellant's counsel, but we cannot undertake to follow them. A few points decided, and the whole case is at an end.

The defendant, having admitted the execution of the note, could escape a judgment only by showing that, for some reason or other, he was not bound to pay it. This he attempted to do by alleging that at and before the date of the note the plaintiff was indebted to him largely more than the amount of the note, but that the plaintiff had fraudulently concealed this fact from him, and had

thus induced him to sign the note. This is one phase of the defense. The other was that the plaintiff was his confidential clerk and book-keeper; the trusted manager of his affairs, and was in duty bound to inform him of all the facts affecting his interest; and that the plaintiff, knowing his ignorance of such matters, had withheld the necessary information, and thus had procured the note. And along with this plea he made an exhibit of the plaintiff's supposed indebtedness to him, which largely overbalances the note sued on. But all the transactions out of which this supposed indebtedness of plaintiff to defendant arose had occurred some time before the execution of the note.

The plaintiff in reply set up the statute of limitations of two years.

Upon this state of the case the defendant, who is appellant in this court, insists that the statute of limitations does not apply. If we understand him, he insists that as his claim was not barred when the note was given, it should be considered as a valid payment on the note, or at least as a valid offset against the note, and hence not affected by limitation. In our opinion this position cannot be maintained. Lowe v. Dowbarn, 26 Tex., 508; Holliman v. Rogers, 6 Tex., 91.

Upon the question of fraud the court instructed the jury that fraudulent concealment by the plaintiff would permit the running of the statute against the defendant until the facts were discovered, or until, by the use of ordinary diligence, they might have been discovered by him.

This charge is not only correct as a matter of law, but it was peculiarly applicable to the facts of this case. The defendant, according to his own testimony, was put upon inquiry at the time when the note was given. He had constant access to the books at all times. Long before the suit was brought he took possession of the books; had them examined, and kept them in his possession until the trial. In our opinion he cannot be heard to plead ignorance of the true state of the facts. The evidence shows that the business was loosely conducted and the books perhaps clumsily kept; but we think that the proof of fraud on the part of the plaintiff was slight indeed.

The court refused to charge the jury that mistake was sufficient to permit the running of the statute. This, in our opinion, was not error. See Wood on Limitations, pp. 108–9, note.

In instructing the jury concerning the fraudulent conduct charged upon the plaintiff, the court told them that it should be clearly proved. Appellant complains of this as an improper charge, and refers us to the case of Sparks v. Dawson, 47 Tex., 138.

But the charge here is not like the one which was condemned in that case; nor do we think that it was entirely improper under the circumstances.

Upon the whole case, although we believe there were some errors committed by the court, still we think the case would not have resulted otherwise than it has, and therefore the errors are immaterial.

The judgment should be affirmed.

AFFIRMED.

[Opinion adopted March 25, 1884.]