## E. D. BLUME v. JOHN HANEY, JR.

Decided April 15, 1910.

**1.—Practice—Rule 31—Right to Open and Conclude.**

When a defendant in the trial of a case, for the purpose of securing the right to open and conclude in the introduction of the evidence and the argument, files an admission in the language of rule 31 of Practice for the District and County Courts, the admission must be construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover, but it can not be held to admit allegations in a supplemental petition which merely deny matter alleged in the answer, the burden of proving which is on the defendant.

**2.—Same—Reversible Error.**

The right to open and conclude in the conduct of a trial is a valuable one and its unlawful denial will be cause for reversal.

Appeal from the County Court of Jefferson County. Tried below before Hon. R. W. Wilson.

*Fleming & Fleming,* for appellant.

McMEANS, ASSOCIATE JUSTICE.—This suit was begun in the Justice Court of Jefferson County by John Haney, Jr., against the appellant Blume and others to recover upon a promissory note alleged to have been executed by appellant and P. G. Tipps to J. M. O'Neal, and endorsed by O'Neal to appellee. O'Neal was not served with citation, and the suit was dismissed as to Tipps. A trial in the Justice Court resulted in a judgment in favor of appellee against appellant, and from that judgment an appeal was prosecuted to the County Court, where, upon a trial *de novo,* judgment was again rendered in favor of appellee.

When the case reached the County Court the defendant filed an amended answer consisting of a general demurrer, general denial, plea in abatement for non-joinder of necessary parties, and a special plea of failure of consideration. In reply to the answer, appellee filed a supplemental petition consisting of general denial of the allegation of appellant's answer and alleging that he had purchased for a valuable consideration the note sued on before its maturity without notice of any failure of consideration as between the original parties thereto.

Appellant filed the following admission: "The defendants E. D. Blume and P. G. Tipps admit that the plaintiff has a good cause of action, as set forth in his petition, except so far as it may be defeated in whole or in part by the facts in the answer constituting a good defense which may be established on the trial," and thereupon claimed the right to open and conclude upon the issues presented in his special answer. This claim was contested by appellee on the ground that the admission was insufficient to give to appellant the right to open and conclude in the absence of a further admission of the truth of the defensive matter pleaded in his supplemental petition. The court adopted this view and denied appellant the right to open and conclude. Thereupon the appellant declined to introduce any evidence in support of the defenses pleaded by him in his answer, but appellee introduced the note sued upon in evidence and closed, and the court then rendered judgment in favor of appellee for the principal, interest and attorney's fees of the note.

The action of the court in denying defendant the right to open and conclude is made the basis of appellant's first assignment of error, and we think that the assignment is well taken and must be sustained.

It is a general rule of common law that a party who has the affirmative of the issue has the right to open and conclude. The admission in this case is in the language of Rule 31 of Practice for the District Court. As said in Smith v. Traders' National Bank, 74 Texas, 545, "The manifest purpose of this rule was to secure to a defendant the right to open and conclude when upon the real issues in the case the burden of proof rests upon him; that is to say, when his defense is in the nature of a confession and avoidance of the plaintiff's action, he is permitted to admit the *prima facie* case of the plaintiff,

although it is denied by his pleadings, and to open the case by introducing evidence to establish the affirmative defense he has set up. The rule is intended to secure a valuable right, and is just, and it should have a reasonable and practicable application. To construe it so as to accomplish in a reasonable and practical manner its object, an admission made in the very language of the rule must be construed to mean that the defendant admits every fact alleged in the petition which it is necessary for the plaintiff to establish in the first instance to enable him to recover, but does not admit allegations in the petition which merely deny new matter alleged in the answer the burden of proof of which is on the defendant. Any other construction would enable the plaintiff to deny the defendant the right to open and conclude upon his affirmative defense by simply amending the petition . . . and alleging the contrary of the defenses set up in the answer." Cleveland v. Smith, 52 Texas Civ. App., 266 (113 S. W., 551).

The other assignments presented by appellant show no reversible error, or at least none such as are likely to occur upon another trial.

For the error indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*