## J. W. CARTER MUSIC CO. v. BAILEY. (No. 481.)

(Court of Civil Appeals of Texas. El Paso. Oct. 21, 1915.)

1. TRIAL ⊗═25—ARGUMENT—RIGHT TO OPEN AND CLOSE.

Under Rev. St. 1911, art. 1953, providing that the party having, under the pleadings, the burden of proof on the whole case, shall be entitled to open and conclude the argument, and rule 31 for district and county courts (142 S. W. xx), providing that plaintiff shall have the right to open and conclude both in adducing evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon defendant, or unless defendant shall admit that plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated by the facts of the answer constituting a good defense which may be established on the trial, where in an action on a note for the purchase price of a piano defendant answered by general denial and a special plea, setting up that the piano was purchased subject to his wife's approval, and that she did not approve thereof, but no admission as to the justice of plaintiff's cause of action was made, it was error to grant defendant the right to open and close the argument, though the court's charge imposed upon defendant the burden of proving his special plea, and, in effect, withdrew from the jury, and resolved in plaintiff's favor, the merits of its cause of action as set forth in the petition, and submitted only the issue raised by the special plea, as the question is not controlled by the charge, but by the state of the pleadings, or by the prescribed admission, and the general denial imposed the burden of proof on the whole case on plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. ⊗═25.]

2. APPEAL AND ERROR ⊗═1046 — HARMLESS ERROR—DENIAL OF RIGHT TO OPEN AND CLOSE.

Error in permitting defendant to open and conclude the argument was material and necessitated a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. ⊗═1046.]

Appeal from Harris County Court, at Law; Clark C. Wren, Judge.

Action by the J. W. Carter Music Company against N. Bailey. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Andrews, Streetman, Burns & Logue and R. H. Kelley, all of Houston, for appellant. Sam Schwartz, of Houston, for appellee.

HIGGINS, J. Appellant sued Bailey to recover upon the latter's note in sum of $350, and to foreclose mortgage lien upon a piano, in part payment for which it was alleged the note was given.

Bailey answered by a general denial, special plea setting up that the piano was purchased subject to the approval of his wife, and by the terms of the agreement he was not required to accept and pay for the instrument unless his wife approved the same, that his wife did not approve of it, of which fact he notified appellant, and he was therefore not liable upon the instrument sued upon.

The jury was instructed that the burden of proof rested upon Bailey to prove by a preponderance of the evidence his contention that the sale of the piano was subject to his wife's approval. The only issue submitted for the jury's determination was whether it was agreed and understood by the parties, when the note sued upon was executed, that the sale of the piano was subject to the approval of defendant's wife. Upon an affirmative answer thereto, judgment was rendered in defendant's favor.

[1] Upon trial, and after close of the evidence (which was opened and concluded by plaintiff), defendant requested and was granted the right to open and close the argument. No admission whatever was made by defendant as to the justice of plaintiff's cause of action as provided by district and county court rule 31 (142 S. W. xx) and the right to open and conclude the argument was granted over plaintiff's protest. The case is here presented upon a single assignment complaining of the action of the court in this respect. The court erred. Its action was directly contrary to and in the face of article 1953, R. S., and the court rule above mentioned. Smith v. Eastham, 56 S. W. 218; Halsell v. Neal, 23 Tex. Civ. App. 26, 56 S.

W. 137; Heath v. Bank, 19. Tex. Civ. App. 63, 46 S. W. 123; Caldwell v. Auto Sales Co., 158 S. W. 1030.; Blume v. Haney, 128 S. W. 440.

Under the statute the party having under the pleadings the burden of proof on the whole case is entitled to open and conclude the argument. Defendant's general denial imposed this burden upon plaintiff. Upon the face of the pleadings he was thus entitled to open and close the argument. Notwithstanding the state of the pleadings, the right might have been acquired by defendant, had he made the admission as provided by rule 31. This he wholly failed to do. It is argued that, inasmuch as the court's charge imposed upon defendant the burden of proving his special plea and, in effect, withdrew from the jury and resolved in plaintiff's favor the merits of its cause of action as set forth in its petition, and submitted only the issue raised by the special plea, that therefore the defendant was properly granted the right to open and close the argument, or, in any event, the error was harmless. But the court's charge does not control the question. It is governed by the state of the pleadings as provided by statute, or an admission of the merits of plaintiff's cause of action as set forth in the petition as provided by rule 31.

[2] The error indicated is material, and necessitates a reversal. Meade v. Logan, 110 S. W. 188; Hillboldt v. Waugh, 47 S. W. 829; Fain v. Nelms, 113 S. W. 1002; Harris v. Pinckney, 55 S. W. 38.

Reversed and remanded.