RALEY et al. v. D. SULLIVAN & CO. et al. (No. 15-2599.)

(Commission of Appeals of Texas, Section B. Jan. 15, 1919.)

1. ADVERSE POSSESSION ⊜�ý81 — TITLE OF GRANTOR.

Where the one-time owner had by prior conveyance parted with whatever title he had to the land, the claims of a subsequent grantee to title by virtue of the three-year statute of limitations cannot be sustained.

2. BANKRUPTCY ⊜�ý438 — EFFECT OF DISCHARGE.

Title of a bankrupt to land, though not scheduled as an asset, passes to his trustee, and, notwithstanding the bankrupt's discharge, he cannot recover the same; no facts being shown revesting title in him.

3. LIMITATION OF ACTIONS ⊜�ý118(2)—INTERRUPTION OF TIME—FILING SUIT.

Merely filing suit did not arrest the running of the statute, where the suit was practically abandoned by failure to prosecute.

4. LIMITATION OF ACTIONS ⊜�ý197(2) — RUNNING OF STATUTE—FRAUDULENT CONCEALMENT.

Evidence held insufficient to show such a fraudulent concealment by the grantee of land who had not recorded his conveyance as to prevent the running of limitations in his favor as against one holding a vendor's lien note executed by a prior grantee.

5. LIMITATION OF ACTIONS ⊜�ý195(5)—RUNNING OF STATUTE—BURDEN OF PROOF.

Where the holder of a vendor's lien note claimed that the fraudulent concealment by the grantee of the land of the fact of his ownership stopped the running of limitations in his favor, the holder of the note has the burden of showing the fraudulent concealment, his ignorance of the facts, and that he could not by reasonable diligence have discovered the fraud.

6. APPEAL AND ERROR ⊜�ý1177(7)—REVIEW— REMAND.

In an action involving title to land and the foreclosure of vendor's lien notes, where evidence was insufficient to support a recovery, but on another trial additional evidence might be offered, held, that judgment would be reversed and cause remanded.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by D. Sullivan & Co. and others against Carrie Coleman, consolidated with an action by D. M. Poor against Helen Raley and others. A judgment in favor of D. M. Poor against Helen Raley and another, and in favor of D. Sullivan & Co., was affirmed by the Court of Civil Appeals (159 S. W. 99), and Helen Raley and others bring error. Reversed and remanded.

On May 25, 1892, M. H. Poor was the owner of lot No. 1 in Mission Ridge, in Bexar county, Tex., having a regular chain of title from the sovereignty of the soil.

On that date, M. H. Poor conveyed this land to R. W. Coleman, reciting a cash consideration of $600 and a note for $650 due two years after date, and a vendor's lien was retained in the deed to secure payment of the note.

On May 27, 1892, M. H. Poor indorsed and delivered the note above described to D. M. Poor. On April 29, 1893, Carrie Coleman, surviving wife of R. W. Coleman and his sole heir, conveyed the land referred to to D. M. Poor. The deed reciting a cash consideration of $600 and the assumption by the vendee of the note given by R. W. Coleman to M. H. Poor, and a vendor's lien was reserved in the deed to secure the payment of the note. This deed, however, was not filed for record until January 4, 1912.

On February 2, 1894, M. H. Poor, by warranty deed, conveyed to D. M. Poor the land in controversy.

The evidence shows that the note executed by R. W. Coleman was indorsed and delivered by D. M. Poor to Sullivan & Co. after the execution of the deed of Carrie Coleman to D. M. Poor.

On May 24, 1908, Sullivan & Co. filed a suit against Carrie Coleman and the unknown heirs of R. W. Coleman, deceased, asking for recovery on the vendor's lien note and to foreclose the lien. No citation was ever issued and no steps taken to prosecute this suit until 1912, when a motion to consolidate the suit with a suit subsequently brought by D. M. Poor v. Helen Raley was made, and

⊜⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the suits were consolidated by order dated October 21, 1912.

On November 24, 1906, M. H. Poor conveyed the lot in controversy to Helen Raley, and the deed was filed for record the same day. On October 2, 1909, D. M. Poor filed his voluntary application in bankruptcy in the proper federal court, on October 4, 1909, he was duly adjudged bankrupt, and on October 22, 1909, W. A. Hadden was appointed trustee of the estate. The schedules attached to the application show debts to the amount of more than $40,000 and no property except that claimed and afterwards set apart as exempt. The lots in controversy were not scheduled as assets, nor was the note executed by Coleman listed as a debt. On December 18, 1909, D. M. Poor received his discharge. There is nothing in the record to show whether the estate in bankruptcy was ever finally closed and the trustee discharged or not. On November 17, 1911, D. M. Poor filed an action of trespass to try title against Helen Raley and J. Raley, seeking to recover the property in controversy. J. Raley was afterwards dismissed from the case. On April 1, 1912, the case of D. M. Sullivan & Co. v. Carrie Coleman, above referred to, was consolidated with the case of D. M. Poor v. Helen Raley et al., and Sullivan & Co. by amended petition made M. H. Poor a party and sought a foreclosure as against him.

Carrie Coleman Burr, formerly Carrie Coleman, joined by her husband ———— Burr, intervened in the consolidated case.

The pleadings are very voluminous, but we will undertake, as briefly as possible, to state the several contentions of the parties.

D. M. Poor asserted title in himself against Helen Raley and Carrie Coleman Burr and asked for judgment for the title and possession of the land. Carrie Coleman Burr sought to recover the title and possession as against both Helen Raley and D. M. Poor. Her claim was based upon the theory that she in her deed to D. M. Poor had reserved the superior title to the land to secure payment of the note executed by R. W. Coleman, and that, as Poor had failed to pay the note assumed by him, she was entitled to 're-cover the land. Sullivan & Co. asked a recovery against D. M. Poor on the vendor's lien note alleging his assumption of the same and for a foreclosure against all the other parties to the suit. Helen Raley claimed title under deed from M. H. Poor, also by virtue of the three and five years' statute of limitation, and pleaded the four years' statute of limitation as to the suit of Sullivan & Co. She also claimed that, D. M. Poor having been adjudged a bankrupt, whatever title he had was vested in the trustee in bankruptcy, and therefore he was not entitled to recover. Sullivan & Co., in reply to D. M. Poor, alleged that, by reason of the failure of Poor to list their claim in his bankruptcy schedule, his discharge did not affect their debt, and D. M. Poor, having pleaded limitation against the note in reply thereto, pleaded fraudulent concealment by Poor of the fact of his assumption of the debt by failure to record the deed from Carrie Coleman.

The case was tried by the court, and judgment rendered in favor of D. M. Poor against Helen Raley and Mrs. Burr for the title and in favor of Sullivan & Co. against D. M. Poor for their debt and a foreclosure against all the defendants.

Such other facts as are essential will be stated in the opinion.

James Raley, Wm. Aubrey, and C. S. Robinson, all of San Antonio, for plaintiffs in error.

Denman, Franklin & McGown, of San Antonio, for defendants in error.

MONTGOMERY, P. J. (after stating the facts as above). We will first attempt to settle the question of title before attempting to decide what, if any, rights Sullivan & Co. had as owners of the vendor's lien note.

The title to the property was in M. H. Poor when he sold the land to R. W. Coleman on May 8, 1892, and reserved a vendor's lien to secure the purchase-money note. M. H. Poor indorsed the note to D. M. Poor on May 27, 1892, and later by deed conveyed the land to him also. The indorsement and delivery of the note and deed by M. H. Poor divested him of all title and vested all his rights in both the debt and the land in D. M. Poor.

The deed of Carrie Coleman, the widow and heir of R. W. Coleman, to D. M. Poor, passed to D. M. Poor her title to the land subject only to the payment of the vendor's lien note. The indorsement of the vendor's lien note to Sullivan & Co. gave them only a lien on the land.

The effect of these transactions was to vest the title to the land in D. M. Poor subject only to a lien in favor of Sullivan & Co. to secure the payment of the note. We do not think that Carrie Coleman Burr was in position to recover the land against D. M. Poor. At the time she intervened she did not own the debt. Looking at her claim in the most favorable light, she, as between herself and D. M. Poor, had a superior title to the land for the purpose of securing the payment of the note. Had she owned the note she would have been in position to assert this superior title against D. M. Poor; but, not having paid the note, we think she was not entitled to recover the land as against D. M. Poor or the party in possession.

If, at the time the deed from Mrs. Burr to D. M. Poor was executed, she had taken his note for the purchase money secured by a vendor's lien, she could have asserted her superior title, provided she retained ownership of the note. If she had parted with the

note, she would have had no title upon which she could have recovered the land. After parting with the note, she would have held the so-called superior title merely as trustee for the holder of the note. Roy v. Clarke, 75 Tex. 31, 12 S. W. 845, and Farmers' Loan & Trust Co. v. Beckley, 93 Tex. 272, 54 S. W. 1027. It seems to us that Mrs. Burr is in no better position than she would have been in the suppositious case stated. Here she reserved a vendor's lien to secure a note due to another person. The superior title reserved by her could be asserted only to secure the debt. So far as we can find upon examination of the cases in this state, the superior title of a vendor can never be asserted except by one who owns both the debt and superior title. We are not disposed to extend the effect of the reservation of the vendor's lien in favor of a vendor any further than required by the decisions of the Supreme Court of this state.

The cases cited by counsel for Mrs. Burr are all cases in which the superior title and ownership of the debt were vested in the same person. What we have said disposes of Mrs. Burr's intervention.

[1] The facts stated show that Helen Raley acquired no title by virtue of her deed from M. H. Poor. Long before the execution of the deed, M. H. Poor had indorsed the note given by Coleman to D. M. Poor and had also conveyed the land to D. M. Poor. Helen Raley also failed to establish her title either under the three or five year statute of limitation. As to the five-year statute of limitation, it is sufficient to say that the deed under which she claimed title had not been filed for record five years at the time of the institution of the suit by D. M. Poor, and therefore no title was vested in her under that statute. Her claim under the three-year statute cannot be sustained because at the time M. H. Poor conveyed the land to her he had by prior conveyances parted with whatever title he had to the land. We will not discuss this question. It has been repeatedly so held in this state. See opinion by Chief Justice Phillips in Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S. W. 1139, where this question is fully discussed.

[2] The foregoing leads to the conclusion that the title to the land was good in D. M. Poor unless his title had passed to his trustee in bankruptcy and had not been revested in him.

D. M. Poor upon his own application was adjudged a bankrupt, and, although at the time he filed his petition he owned the property in controversy, he failed to schedule the same or to disclose the fact of such ownership. His deed was not on record, and he gives no explanation of his failure to schedule this property. He listed no property except that claimed as exempt, and his petition shows that he owed debts amounting to more than $40,000. He obtained his discharge on December 18, 1909, and on November 17, 1911, filed this suit to recover the property in controversy. The record does not show whether the bankruptcy proceeding has been finally closed and the trustee discharged or not.

We think that the title of D. M. Poor by operation of law passed to and was vested in his trustee in bankruptcy and that no facts are shown which have the effect of revesting the title in him. This conclusion is based upon the decision of the Supreme Court of the United States in the case of First National Bank v. Lasater, 196 U. S. 115, 25 Sup. Ct. 206, 49 L. Ed. 408.

[3-5] The only thing left for determination is the rights of Sullivan & Co. As shown by our statement, they had a lien on the land to secure the note held by them. The note was dated May 25, 1892, and, was due two years after date, and would therefore become barred by limitation on May 28, 1898. On May 24, 1898, they filed suit against Carrie Coleman and the unknown heirs of R. W. Coleman, deceased, to recover on the note and for a foreclosure. No citation was ever issued in this case, and nothing whatever was done in the case except to file the petition and perhaps file an affidavit for service. When this case was consolidated with the case of D. M. Poor and Helen Raley, D. M. Poor pleaded the four-year statute of limitation as against the debt and lien of Sullivan & Co. Sullivan & Co. to avoid the statute alleged fraudulent concealment by Poor of the execution of the deed to him by Carrie Coleman and of the fact that Poor had assumed the debt.

The filing of the suit in 1898 against Mrs. Coleman and unknown heirs of R. W. Coleman under the facts shown did not arrest the running of the statute of limitation. The suit was practically abandoned by a failure to prosecute. Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645. The facts, we think, are not sufficient to show such fraudulent concealment on the part of D. M. Poor as to prevent the running of the statute in his favor. The only fact shown was that he failed to record the deed from Carrie Coleman by the terms of which he assumed the debt. There was no proof that Sullivan & Co. did not know of the assumption and no proof of any effort on the part of Sullivan & Co. for a period of about 14 years to collect the debt by a foreclosure on the land. The burden was on Sullivan & Co. to show the fraudulent concealment, their ignorance of the facts, and that they could not by reasonable diligence have sooner discovered the alleged fraud. Ford v. Clements, 13 Tex. 592; Ney v. Rothe, 61 Tex. 374. We further are of opinion that the bare fact of the failure of D. M. Poor to record the deed evidencing the assumption of the debt without other evidence to show a fraudulent design would not be such fraud as to prevent the running of the statute of limitation. Poor's failure to record the deed did not deprive Sullivan &

Co. of their right to collect their debt from the maker of the note or from his estate or to foreclose the lien. Even if Sullivan & Co. had known of the assumption, they were not bound to accept the vendor, Poor, as their principal debtor and could have foreclosed their lien disregarding the assumption.

The views herein expressed necessarily lead to the conclusion that D. M. Poor, being plaintiff in the action to try title and having failed to show title in himself, was not entitled to recover; that Carrie Coleman Burr failed to show title authorizing a recovery by her of the land; and that Sullivan & Co. were not entitled to the personal judgment against D. M. Poor nor to a foreclosure of the lien.

[6] In view of the condition of this record, and the fact that additional evidence may be offered on another trial, we have concluded that the ends of justice may be best served by reversing and remanding the entire case, for further proceedings not inconsistent with this opinion.

We therefore advise that the judgment of both the district court and the Court of Civil Appeals be reversed, and this cause be re-manded to the district court for a new trial, and that all costs of the appeal and writ of error proceedings be taxed against D. M. Poor, Sullivan & Co., and Carrie Coleman Burr, and ——— Burr, her husband, in equal portions, and that Helen Raley recover from all the other parties above named the cost of her appeal.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. The case is correctly remanded upon the ground stated by the Commission in its opinion.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes