CARTER et al. v. BROWN et al. (No. 562.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 14, 1920.)

1. TRIAL ⊙25(8)—DEFENDANT IN TRESPASS TO TRY TITLE NOT ENTITLED TO OPEN AND CLOSE, THOUGH HE ASSERTS LIMITATION TITLE TO PORTION OF LAND.

In trespass to try title where defendants by way of cross-action set up that they had acquired limitation title to a portion of the land, but did not in accordance with District Court Rule 31 (142 S. W. xx) file a written admission of plaintiff's case other than as to the limitation title asserted, defendants, who instead pleaded a general denial, have not the burden of proof on the whole case so as to entitle them to open and close, under Vernon's Sayles' Ann. Civ. St. art. 1953.

2. TRIAL ⊙25(15)—THAT COURT DIRECTED VERDICT FOR PLAINTIFFS SAVE AS TO ISSUE OF LIMITATIONS DID NOT ENTITLE DEFENDANTS TO OPEN AND CLOSE.

In trespass to try title where defendants who had filed general denial, etc., by way of cross-complaint, set up limitation title to part of lands, that trial court instructed the jury that plaintiffs had established title to all of the lands sued for, unless defeated by the plea of limitation, did not cast on defendants the burden of proof on the whole case so as to entitle them to open and close.

3. APPEAL AND ERROR ⊙1046(3)—DENIAL OF PLAINTIFF'S RIGHT TO OPEN AND CLOSE HELD PREJUDICIAL.

Where, after direction of verdict for plaintiff except as to limitations, the court allowed defendants to open and close, the error was prejudicial, the evidence as to limitations not being conclusively in defendants' favor.

Appeal from District Court, Tyler County; D. F. Singleton, Judge.

Action by W. T. Carter and others against Vernie B. Brown and others. From a judgment denying plaintiffs part of relief sought, plaintiffs appeal. Reversed and remanded.

J. E. Wheat, of Woodville, and S. H. German, of Livingston, for appellants.

Coleman & Lowe, of Woodville, for appellees.

HIGHTOWER, C. J. Appellants, W. T. Carter, E. A. Carter, and Jack Thomas, composing the partnership of W. T. Carter & Bro., filed this suit in the district court of Tyler county, against the appellees, Vernie B. Brown, Tom F. Coleman, and Grover C.

Lowe to recover 320 acres of land, a part of the Jane Taylor survey in that county. The action was one in the ordinary form of trespass to try title. Appellees answered appellants' suit by a general demurrer, general denial, plea of not guilty, and also interposed, as a defense, the statute of 10 years' limitation as to an undivided 160 acres of land described in appellants' petition. By way of cross-action in their answer, appellees set up, affirmatively, that they had acquired title to an undivided 160 acres of the land described in appellants' petition under the 10 years' statute of limitation, and prayed for judgment against appellants for an undivided 160 acres of the land, including their improvements. This cross-action was timely answered by appellants.

The case went to trial with a jury, and upon conclusion of the evidence the court, in effect, instructed the jury that appellants had shown title to all of the land described in their petition, and were entitled to recover same, unless defeated as to 160 acres thereof by the plea of limitation of 10 years interposed by appellees. The case was submitted to the jury on special issues, and the jury, in answering them, found, in effect, that appellees had acquired title to an undivided 160 acres of the land sued for by appellants by limitation, under the 10 years' statute, and, upon motion made therefor, judgment was entered in favor of appellees for an undivided 160 acres of the land in controversy, including appellees' improvements, and partitioners were appointed to partition the land in accordance with such judgment. Appellants' motion for new trial was timely made and overruled, and the case is here on several assignments of error.

[1, 2] After the evidence was concluded, appellees requested the court to permit them to open and conclude the argument to the jury, which request appellants opposed; but the court granted such request, and counsel for appellees were permitted to open and conclude the argument to the jury, and appellants saved their bill of exception. This action of the court is made the basis of appellants' first assignment of error.

The court, in approving the bill of exception on this point, made this explanation of his action:

"Examined and approved with following qualification: The defendant had set up cross-action and pleaded affirmatively his title of limitation of 10 years, and after evidence was all in, the court submitted to the jury only the question of limitation as pleaded by the defendants."

It is manifest, from the explanation made by the trial judge in this connection, that he was of the opinion that because the only issue for the jury to determine was whether appellees had held the 160 acres of land, as claimed by them in their cross-action, for the required length of time to give them title by limitation, and since the burden of proof was upon them to establish that fact, they were entitled to open and conclude the argument. We have no doubt that the trial court was in error in so concluding.

Vernon's Sayles' Civil Statutes, art. 1953, relative to the order of argument in a civil cause, reads as follows:

"After the evidence is concluded, the parties may submit the case to the jury in argument; the party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument; where there are several other parties having separate claims or defenses, and represented by different counsel, the court shall prescribe the order of argument between them."

The only portion of the article just quoted relevant here is:

"The party having under the pleadings the burden of proof on the whole case shall be entitled to open and conclude the argument."

In this connection, unquestionably, appellants, who were plaintiffs below, under the pleadings upon which the cause proceeded to trial, had the burden of proof of the whole case, in contemplation of the article just quoted. They, as plaintiffs, were first compelled to prove their title to the tract of land claimed by them, before they would have been entitled to have recovered any part of the same from appellees, who were the defendants, and this they were forced to do. Thereafter, before appellees would have been entitled to have recovered any part of the same from appellants, or could have defeated appellants in recovery of the whole, they were compelled to establish their claim of limitation of ten years.

Rule 31 (142 S. W. xx), governing the trial of causes in the district court, is as follows:

"The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case, under the pleadings, rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except só far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude the adducing of testimony and in the argument of the cause."

This record fails to disclose that there was any admission on the part of appellees, when the issues of fact contained in the pleadings were settled, that appellants had a good cause of action, or that they were entitled to recover any portion of the land sued for by them, except in so far as they might be de-

feated by the plea of limitation set up by appellees, either defensively or affirmatively, in their cross-action.

If appellees had desired to be permitted to open and conclude the argument in this case, it was incumbent upon them to make, at the proper time, the admission that appellants were entitled to recover the land in controversy, unless their title to 160 acres thereof might be defeated by appellees' plea of limitation, as contained in their answer. This is clearly to be seen from rule 31, above quoted. Carter Music Co. v. Bailey, 179 S. W. 547; Meade v. Logan, 110 S. W. 188; Bank v. Cooper, 179 S. W. 298; Sanders v. Bridges, 67 Tex. 93, 2 S. W. 663.

The fact that the court instructed the jury that appellants had established title to all of the land sued for, unless defeated by the plea of limitation interposed by appellees, cannot affect the question. This matter is not controlled by what the trial court may give in the way of a charge to the jury, but must be controlled by the statute and by rule 31, above mentioned.

The defendant, in all actions of trespass to try title, who seeks to defeat the plaintiff's recovery to any portion of the land sued for, under any of the statutes of limitation, has the burden of proof to establish such limitation title in himself, and this is so whether such defendant stand merely upon a plea of limitation as a defensive plea, or whether he interpose such plea by way of cross-action; but if a defendant in a case of this kind could, by filing a cross-action as appellees did in this case, secure the right to open and conclude the argument, without making the admission provided in rule 31, then, of course, such defendant would always, if he thought of it, set up such defense by cross-action. To do so would place no greater burden upon him, because he has the burden of proof to establish his limitation title, whether defensively asserted or by way of cross-action; but he could always have the advantage, which is generally considered a material advantage, of opening and concluding the argument, by merely filing a cross-action and claiming his limitation title affirmatively. This is, in effect, the contention made by appellees in their counter proposition to appellants' assignment on this point.

[3] It has been frequently announced by the appellate courts of this state that the right to open and conclude the argument on the trial of a cause is a valuable right, and it has often been held reversible error to wrong-fully deprive a party litigant of this right. Cases may also be found in the reports, in which the conclusion was reached that a denial of this right should not reverse the judgment; but it will be found, upon careful consideration of such cases, that the issues and evidence touching same were such that it clearly appeared that the denial of the right to open and conclude the argument could not have prejudiced the complaining party. Such could not be said in this case, for the reason that if the defendants were entitled, under the evidence adduced, to a finding by the jury in their favor on their plea of limitation, which we do not decide, it must be conceded that the case made by appellees was not a strong one, and it certainly could not be said that the jury could not have properly rendered a verdict against them.

In view of the probability of another trial, we shall not discuss such evidence, the insufficiency of which is complained of by another assignment contained in appellants' brief.

It follows from what we have said that this court is of the opinion that the judgment should be reversed and the cause remanded because of the error on the part of the trial court in permitting the appellees to open and conclude the argument in this case.

Since the case must be reversed, we might refer briefly to appellants' assignments of error Nos. 2 and 3. In the event the case should be again tried, and appellees should request a special instruction along the line of their special charge No. 4 on this trial, we would suggest that the same be so framed as to avoid the criticism made thereof by appellants' second assignment on this appeal. We also make the same suggestion with reference to special charge No. 3, which was given at the request of appellees, and which is made the basis of appellants' third assignment of error. We do not mean to say that charges along the lines of these two may not be so framed as to present the points indicated by them, and at the same time avoid some of the objectionable features pointed out by the criticisms of appellants.

It is unnecessary and would perhaps be improper for this court to discuss appellants' fourth assignment of error, which challenges the insufficiency of the evidence adduced upon the trial to support the verdict of the jury in appellees' favor, and we shall not do so.

Because of the error of the court already indicated, the judgment is reversed, and the cause is remanded for a new trial.