## MULLINS v. AUTO SECURITIES CO.
### (No. 1352.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 20, 1926.)

**1. Sales ☞363.**

Whether purchaser paid note given in part payment for truck *held* for jury, in action thereon.

**2. Trial ☞25(4)—Defendant held entitled to open and conclude argument on sole issue of payment of note sued on (rule 31).**

Defendant, ·complying with rule 31 (142 S. W. xx), *held* entitled to open and conclude argument to jury on sole issue of fact, whether note sued on was paid; burden being on him to establish such fact.

**3. Appeal and error ☞1046(3).**

Erroneous denial of right to open and conclude argument before jury is reversible error.

Appeal from ·Nacogdoches County Court; A. F. Russell, Judge.

Suit by the Auto Securities Company against Lee Mullins, who filed a cross-action. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

V. E. Middlebrook, of Nacogdoches, for appellant.

Seale & Denman, of Nacogdoches, for appellee.

HIGHTOWER, C. J. The appellee in this case, Auto Securities Company, filed this suit against appellant, Lee Mullins, in the county ·court of Nacogdoches county, seeking to recover· of appellant judgment on 12 promissory notes executed by appellant to appellee on November 8, 1924; said notes being numbered from 1 to 12, inclusive, and each was for the amount of $49, and bore interest at the rate of 8 per cent. from maturity. Note No. 1 was made payable December 18, 1924, and the others of the series of notes were made payable on the 18th of each month thereafter until the whole series were paid. In order to secure the payment of the notes, appellant executed in favor of appellee a chattel mortgage on a Chevrolet automobile truck that appellant purchased from appellee on the date of the execution of the notes, and in fact, the notes were executed as part of the purchase price of the truck.

Appellant answered by general demurrer and general denial and then alleged and expressly admitted that he executed the notes sued on by appellant and the chattel mortgage to secure their payment, and that he was liable to appellant on the notes, and that appellant was entitled to judgment as prayed for against him, both on the notes and for foreclosure of the chattel mortgage on the truck, unless appellee's right to such judgment should be defeated by the defensive plea interposed in appellant's answer. Appellant then alleged, in substance, that at the time appellee filed this suit against him each and all of the notes sued on by appellee that were due and payable at that.date had been paid by appellant, and that he was ready and able to pay any of said notes that were yet due by him upon their tender for payment, and he prayed that appellee be permitted to take nothing by its suit against him, etc.

Appellant then, by way of cross-action, alleged in substance that appellee, at the time of filing his suit, wrongfully caused a writ of sequestration to be issued against him, in consequence of which the automobile truck was wrongfully taken from his possession, and he claimed damages, both actual and exemplary, because of the alleged wrongful issuance of the writ of sequestration.

The case was tried with a jury, and upon conclusion of the evidence was submitted upon one special issue. That issue was whether or not note No. 1, which was due December 18, 1924, had been paid as claimed by appellant, and the jury answered that issue in the negative. Upon this finding of the jury, judgment was rendered and entered in favor of appellee for the amount due upon all the notes, principal, and interest and attorney's fees, as provided in the notes.

The notes provided that, in the event any one of the series should not be paid when due, the holder, at his option, might declare the whole series of notes due, and it was under this provision of the notes that appellee filed this suit.

Without making a statement in further detail, it will suffice to say that the facts were such that the only issue necessary to be presented to the jury was whether or not note No. 1, due December 18, 1924, had been paid, as claimed by appellant, and, if that issue had been determined by the jury in favor of appellant, appellee was not entitled to recover anything in this suit.

We have already stated that appellant's answer in this suit expressly admitted appellee's cause of action, as pleaded by it, and its right to a judgment against him, as prayed, unless defeated by appellant's plea of payment. In addition to this admission in his answer, appellant, upon conclusion of the testimony, filed a written motion or request, which he presented to the court, asking that he be permitted to open and close the argument before the jury on the only issue that was submitted. This motion or request was resisted by appellee, and was overruled by

the court, and appellant was denied the right to open and close the argument, and he duly excepted to the ruling of the court in that connection, and preserved his bill, and here assigns as error the action of the court in that connection.

While it is not admitted by appellee that appellant was entitled to open and close the argument before the jury, yet counsel for appellee contend, by their counterproposition in this connection, that the action of the court in refusing to permit appellant to open and close the argument was not prejudicial to appellant, and that for that reason the judgment should not be reversed. In this connection, counsel for appellee contend that the undisputed proof showed that appellant did not pay note No. 1, due December 18, 1924, as claimed by him, when the same was due, and that he never paid it at any time; and counsel further contend in this connection that, if appellant paid note No. 1 at all, he did not pay it to any one who was authorized by appellee to receive the payment of that note, and that appellee did not, in fact, receive payment of that note.

[1] We cannot agree with the contention of counsel for appellee that the undisputed evidence in this case showed that appellant did not pay note No. 1, but, on the contrary, we think that the evidence on that point, without undertaking to detail it, clearly raised an issue of fact for the determination of the jury as to whether appellant paid note No. 1 as he claimed. Appellant testified emphatically that he did pay note No. 1, even before it became due, and in this connection stated why he did so, and he was corroborated by another witness who was with him at the time that he claimed to have paid the note. If he paid the note as he claimed, the payment was made to one W. L. Phares, who, the undisputed evidence shows, negotiated the sale of the truck to appellant, and the execution of the notes and chattel mortgage; Phares acting in doing so as the agent of appellee. Now it is claimed and contended by counsel for appellee that, even if appellant paid note No. 1 to Mr. Phares, Mr. Phares was not authorized to receive such payment, and that appellee never received such payment, and that, therefore, appellant was still liable on said note.

[2] We are of the opinion that it cannot be held as a matter of law that Mr. Phares was not authorized to receive payment of note No. 1, from appellant, but, on the contrary, we think that there were facts and circumstances in evidence upon the trial which would have warranted the finding that Mr. Phares was authorized to collect the note for appellee. We have not overlooked the evidence of Mr. Phares, which, by agreement of the parties, has been brought up with the record separately from the formal statement of facts. We have given that evidence full consideration, but are of the opinion still that it cannot be held as a matter of law that Mr. Phares was not authorized to receive the payment of note No. 1, if, in fact, it was made by appellant, as claimed by him. Therefore, it being an issue of fact for the jury's determination as to whether note No. 1, due December 18, 1924, was paid by appellant, as claimed by him, and since the burden of proof rested upon appellant to establish that issue, which was the only issue of fact in the case, and since appellant complied in all respects with rule 31 (142 S. W. xx) governing the trial of causes in the lower court, he was entitled to have his counsel open and conclude the argument to the jury on the issue of fact to be determined. Bell v. Campbell (Tex. Civ. App.) 143 S. W. 957; Carter v. Brown (Tex. Civ. App.) 219 S. W. 292; Duke v. Walter (Tex. Civ. App.) 227 S. W. 714; Blume v. Haney, 128 S. W. 440, 60 Tex. Civ. App. 351; Key v. Hickman (Tex. Civ. App.) 149 S. W. 275; Ney v. Rothe, 61 Tex. 374.

[3] Of course, if it were apparent from this record, as contended by counsel for appellee, that appellant was not prejudiced by the action of the court in refusing his request to open and conclude the argument, that error of the court would not warrant a reversal of the judgment; but we cannot say that appellant was not prejudiced by such error. Ney v. Rothe, supra. All the authorities on this question agree that the right to open and conclude an argument before a jury is a valuable right to a party litigant, and when erroneously denied by the trial court such action is reversible error.

From these conclusions, it follows that we are of the opinion that the trial court was in error in refusing to permit counsel for appellant to open and conclude the argument before the jury, and that such error requires a reversal of this judgment.

Judgment reversed, and cause remanded.