## HARRISON v. ORR et al.   (No. 916–4684.)

Commission of Appeals of Texas, Section A.
Nov. 14, 1928.

For former opinion, see 296 S. W. 871.

J. L. Goggans, of Breckenridge, and B. O. Baker, of Dallas, for plaintiff in error.

O. F. Wencker, of Dallas, for defendants in error Wallace and others.

John W. Pope and Stennis & Stennis, all of Dallas, for defendant in error Orr.

NICKELS, J. ▮ An important question in the case is whether there be evidence making issuable the facts determinative of the asserted bar of limitations. In the original opinion, it was said that the case would "not be restated here except to the extent necessary to illustrate the points under discussion," and Mr. Orr's "cross-examination" is set out "in part." It is also shown in that opinion that in the omitted portions of his testimony there are some statements which, "if separately considered," would "show that he acquired the information * * * at some date shortly after (maybe, before) the sale," and, in respect to Orr's deposition introduced by Harrison, it was said that "we do not regard the matter shown * * * as inevitably fixing the date of acquisition of knowledge prior to December 21, 1911, but if the date was thereby so fixed that evidence, for reasons stated, would not have been conclusive against him." We make these references to the former opinion as basis for the statement that many of the first twenty assignments in Mr. Harrison's motion for rehearing, which complain of our supposed failure to consider the omitted evidence, have no point in fact, and present no grounds of error.

Unless it be true that a declaration made by a witness (who is a party) on cross-examination by adverse parties or in a deposition previously taken and introduced by them is conclusive, although contradicted or explained by him in direct examination in his own behalf, no error is presented in these respects, even when the evidence is taken in the light most favorable to him in whose behalf a peremptory instruction has been given. At least, as here, when the particular date in question is many years past, and its fixing depends alone upon a memory of suggested impairment, there is a jury question. Stevenson v. Barrow (Tex. Com. App.) 291 S. W. 1101; Weir v. McGee, 25 Tex. Supp. 21, 33; Threadgill v. Shaw (Tex. Civ. App.) 148 S. W. 825.

In the seventh, eighth, and ninth assignments error is averred in our former remarks about the time intervening the important date in question and the date of Mr. Orr's testimony, etc., his age and possible infirmities, and the fact that Mr. Goggans did not testify. These objections, however, involve the assumption that no conflict exists in the testimony about the date—which, as shown, is incorrect.

The eleventh assignment is that of error "in holding that Harrison did not have the right to introduce the deposition of Orr because Orr was present and testified at the trial." Examination of the opinion will show such a holding was not made, and that the deposition was considered for all proper evidentiary purposes.

▮ The remainder of the first twenty assignments are directed at our holding that "the burden of proving the essential fact" (i. e. date of acquisition of knowledge by Orr) "was upon Harrison unless through evidence produced in his own behalf Orr proved it for him," and in their support Ford v. Clements, 13 Tex. 592; Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109; Kuhlman v. Baker, 50 Tex. 630; Alston v. Richardson, 51 Tex. 1; Brown v. Brown, 61 Tex. 45; Ney v. Rothe, 61 Tex. 374; Bass v. James, 83 Tex. 110, 18 S. W. 336; Stanford v. Finks, 45 Tex. Civ. App. 30, 99 S. W. 449; Raley v. Sullivan (Tex. Com. App.) 207 S. W. 906; and 37 C. J. 1245, are cited. The authorities cited, however, give no support to the proposition, unless, perchance, in a case where there is averment (by the party against whom the

bar is asserted) of such knowledge or notice as would allow the statute to begin operation, with sequent apparent perfection of the bar before suit filed, etc., unaccompanied by allegations sufficient to destroy the prima facie case thus made, or in a case wherein such evidence as is without conflict shows the fact of knowledge or notice and absence of justification for delayed action. In such a case as the present the statute does not in fact or law begin to run until knowledge was had, or, in the use of due care, would have been acquired. Levy v. Roper, 113 Tex. 356, 256 S. W. 251. As was pointed out originally, the evidence is conflicting as to the date of knowledge (actual or chargeable). If it be conceded that the burden of proof is upon Orr, it still remains true that a hypothesis of lack of knowledge on the controlling date presented in one view of the evidence then before the court entitled him to go to the jury upon the relevant fact. A different ruling would mean simply that a litigant must prove beyond dispute a fact essential to his cause or defense before a jury issue is made and that is not the law. And, when a litigant has produced such evidence, or evidence has otherwise gotten into the record, sufficient to entitle him to a jury's determination, he cannot be deprived of that right, unless his adversary in some way be able to destroy in toto the effect of that evidence.

The statement about burden of proof in the fifth paragraph of our (original) opinion ought be considered as having relation to the exact case made, and not an hypothetical one. The question before us was whether Harrison was entitled to a peremptory instruction, and we held that he did not have that right, because he had not destroyed the effect of the evidence making a jury issue.

The balance of the motion for rehearing filed by Mr. Harrison is directed at our discussion of other matters as between him and Mr. Orr.

We have carefully considered the motion, and thereupon we adhere to our conclusions formerly expressed.

The motion for rehearing filed by Messrs. Wallace, Walker, and Utay includes assertion of error in the fact that questions as between them, on the one hand, and Mr. Orr, on the other, were considered. We have reached the conclusion that those questions are not within the jurisdiction of the court, as the case is presented, and that the prayer for withdrawal of the former opinion in respect thereto should be granted.

Accordingly, we recommend (a) that the motion for rehearing filed by Edward T. Harrison, plaintiff in error, be overruled; (b) that paragraphs 18 (beginning with the words "The claims of Wallace, Walker and Utay"), 19, 20, and 21 (beginning with the words "We have thus referred to the judgment") of our former opinion be considered as withdrawn, and that in all other respects the motion for rehearing filed by Messrs. Wallace, Walker, and Utay be overruled.

CURETON, C. J. The motion of the defendants in error Wallace, Walker, and Utay is granted to the extent and in the manner recommended by the Commission of Appeals. All other motions for rehearing are overruled.