## STONE v. MORRISON & POWERS.*
### (No. 11678.)

Court of Civil Appeals of Texas. Fort Worth. Feb. 19, 1927.

Rehearing Denied March 26, 1927.

**1. Appeal and error ⬅⟹766—Motion to file amended brief containing new authorities and additional propositions would be overruled.**

Motion of appellant to file amended brief, contested by appellees, would be overruled where such brief contained many new authorities and some propositions additional to those set out in original brief.

**2. Trial ⬅⟹25(13)—Defendants asking money judgment, in cross-action in suit in which plaintiff's prayer for injunction had been granted, held properly allowed to open and close (Rev. St. 1925, art. 2183; rule 31 for district and county courts).**

Where defendants asked money judgment in cross-action in suit in which plaintiff's prayer for injunction had been granted before both sides rested, court did not err in granting defendants' motion to be permitted to open and close argument, in view of Rev. St. 1925, art. 2183, and rule 31 for district and county courts, since as to cross-action defendants had burden.

**3. Evidence ⬅⟹113(11)—Evidence of reasonable rental value of converted tools held admissible.**

Where defendants alleged that plaintiff had officer seize certain tools of defendants and

sued for reasonable value of such tools, testimony as to reasonable rental value of tools in question held admissible.

**4. Appeal and error ⬅⟹743(2)—Assignment of error in admission of testimony referring court only to exception No. 1, which contained no reference to statement of facts or testimony in question, will not be considered (rule 25 for Courts of Civil Appeals).**

Assignment of error in admission of testimony referring court only to exception No. 1, which exception contained no reference to statement of facts or to testimony in connection with inquiry, will not be considered, in view of rule 25 for Courts of Civil Appeals.

**5. Trial ⬅⟹83(1)—Admitting testimony held not error as against objection that question was leading, where there was no objection that answer was not responsive; "material."**

Where witness, who was asked what material plaintiff was to furnish to one driving concrete piles for bridge, stated he was to furnish complete pile driver, evidence was admissible as against objection that question was leading, where there was no objection on ground that answer was not responsive; "material" being substance of which anything is made.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Material.]

**6. Appeal and error ⬅⟹742(4) — Proposition complaining of question asked witness without showing answer will not be considered.**

Proposition that trial court erred in permitting counsel to ask witness certain question will not be considered, where it does not show what answer was made, since it does not definitely point out error complained of.

**7. Evidence ⬅⟹417(11)—Evidence that bridge contractor was to furnish pile driver to subcontractor held not to vary written contract containing no provision therefor.**

In action by bridge contractor against one who was to drive concrete piles, testimony tending to show that plaintiff was to furnish pile driver held not inadmissible as varying written contract, where contract did not provide who was to furnish equipment.

Appeal from District Court, Clay County; Robert Cole, Special Judge.

Suit by H. H. Stone against Morrison & Powers, in which the defendants filed a cross-action. Judgment for defendants, and plaintiff appeals. Affirmed.

W. G. Eustis and Frank Holaday, both of Henrietta, for appellant.

Taylor, Muse & Taylor, of Wichita Falls, and Wantland & Glasgow, of Henrietta, for appellees.

BUCK, J. In this case it is shown that J. M. Purvis contracted with the commissioners' court of Clay county to construct certain bridges over streams situated in Clay county. His contract was assigned to H. H. Stone, and Stone made a contract with W. B. Morrison

and J. J. Powers to cast and drive concrete piles for three bridges, and agreed to furnish all rock, sand, gravel, cement, and reinforcing steel necessary for such work. The contract provided that the party of the second part, Morrison & Powers, was to do the work in accordance with the plans and specifications for such work on file in the engineer's office, and was to receive from party of the first part $2.75 per lineal foot for casting and driving piles. This contract was made January 27, 1925. On May 15, 1925, H. H. Stone filed suit against Morrison & Powers, in which he alleged the contract made with them, and alleged that party of the second part had stated to him at the time of making the contract that they were fully equipped, competent, and capable of performing the work, and ready and willing to perform the work in accordance with the provisions of the notices to the contractors, specifications, proposals, and plans theretofore made for such work; and further alleged that defendants had failed and refused so far to do any work on said road and bridges, and had acknowledged to plaintiff that they did not have the said pile driver or other tools as represented and were not able to procure them or 'to perform the said work; that, therefore, plaintiff, in order to comply with his contract with the commissioners' court, had attempted to perform said work himself, and had placed a man with workmen in charge of said work, but that said workmen were forcibly stopped from doing said work by defendants, and that plaintiff was unable to proceed with said work. He alleged that in order to do the work contracted to be done by defendants, it would cost some $10,000, and the defendants had done only about $100 of the said work, and were insolvent and were unable to do said work, and they had failed and refused to perform it and had refused to permit or let plaintiff do said work. He prayed for a writ of injunction, restraining defendants from stopping plaintiff in the prosecution of said work, and that upon final hearing that plaintiff have judgment against defendants for the money paid them, ,or for them, his damages and costs of suit, and that the temporary injunction therein prayed for be perpetuated. The petition in the transcript, in which plaintiff sought an injunction, is not signed by the attorneys, nor sworn to, but there is no objection thereto on account of such omission, either in the court below or here, and inasmuch as the injunction was granted, evidently on the petition, we have concluded that the lack of signature and verification is due to the inadvertence of appellant's attorney or the clerk, and that we may disregard such defects.

The writ of injunction was granted. The defendants filed a cross-action, alleging that they had not represented to plaintiff that they were financially able to perform the work, but, on the contrary, before entering into the contract with the plaintiff, plaintiff in-quired of the defendants if they had equipment sufficient to perform the services and labor they were contracting to perform, and that defendants informed plaintiff that they had a pile driver and hammer, but that they did not know whether said hammer would be sufficient to perform said work or meet the specifications required by the engineer. That, thereupon, plaintiff stated to defendants that if the hammer owned by them was not sufficient to perform said work that he, plaintiff, would procure for them sufficient equipment to perform said work. Plaintiff further informed the defendants that it was his opinion that the equipment then owned by them would be sufficient to do the work.

In the way of cross-action, the defendants sued for damages for breach, but did not contest the granting of the injunction or seek to have said injunction dissolved.

The cause was tried, apparently on the defendants' cross-action. The court submitted to the jury certain special issues, and the jury found (1) that plaintiff, Stone, agreed with the defendants, after the execution of the contract of January 27, 1925, that if they would continue on the job or work, that plaintiff would furnish them proper and capable equipment with which to complete the contract; (2) that plaintiff agreed with the defendants, after the execution of the contract, that if they would remain on the job and complete the same that he would take care of their pay roll and furnish them money to pay their personal expenses while they were completing the job; (3) that the defendants continued work on the job by reason of plaintiff's promise to furnish them proper equipment,' advance their pay roll, and take care of their personal expenses; (4) that the plaintiff did not furnish the kind of equipment that he agreed to furnish if the defendants would continue on the job and complete the same; (5) that the reasonable cost for completing the contract between plaintiff and defendants after' May 15, 1925, was $2,250; (6) that it would have reasonably cost $5,232.94 to complete the contract entered into by the defendants with the plaintiff, if the plaintiff had furnished the proper equipment with which to do the work; (7) that the cost of labor in casting and piling that was not driven by the defendants and not condemned was $1,629.55; (8) that the defendants were not at fault for any of the damage done to any of the piling driven after they were enjoined; (9) that the necessity for the construction of the bents did not arise by reason of any fault upon the part of the defendants in the casting and curing of the piling; (10) that the plaintiff was not prompted by malice to sue out the writ of injunction; (11) that the plaintiff did take possession of the tools of the defendants without their consent; (12) that the reasonable value of the defendants' tools taken by plaintiff was $300; (13) that the plaintiff did use the tools of the defendants without the consent of de-

fendants; (14) that the reasonable value for said tools per day was $2.50, and that the plaintiff used said tools for 117 days; (15) that the writ of injunction sued out on May 15, 1925, was wrongfully sued out.

Upon this verdict the court entered judgment for defendants in the sum of $2.797.18, with interest and costs of suit. From this judgment the plaintiff has appealed.

### Opinion.

[1] On October 9, 1926, this court granted appellant's motion for certiorari and to file a supplemental transcript, in which the order of the court granting an extension of time for the filing of the bills of exception and the statement of facts was shown. Later, appellant filed another motion to file a supplemental transcript which contains the order overruling the demurrers and exceptions of plaintiff to the first amended answer of defendants. We grant this order. On January 13th, appellant filed his motion to file an amended brief. Appellees contest this motion. Because of the fact that the tendered amended supplemental brief contains many new authorities and perhaps some propositions additional to those set out in the original brief, we overrule said motion.

[2] On December 12, 1925, and after both sides had announced that they rested, the defendants presented to the court their motion to be permitted to open and close the argument in the case, which was granted. Article 2183 of the 1925 Civil Code (Rev. St.) provides:

"After the evidence is concluded and the charge is read, the parties may argue the case to the jury. The party having the burden of proof on the whole case shall be entitled to open and conclude the argument; where there are several parties having separate claims or defenses, the court shall prescribe the order of argument between them."

Rule 31, prescribed by the Supreme Court for district and county courts, is as follows:

"The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

Evidently the trial court concluded that the plaintiff below had abandoned his claim for damages. In so far as his prayer for injunction was concerned, such matter had already been settled and the injunction granted. The trial court evidently understood that the plaintiff was not attempting to recover against defendants any money judgment, but that the defendants were attempting to recover against the plaintiff a money judgment for damages. As to the cross-action, the defendants were plaintiffs, and had the burden of the whole case as then presented to the trial court upon them to allege and prove the facts upon which they relied for recovery. In such case, we believe the trial court did not err in granting to the defendants the right to open and close the argument.

[3] As one of the grounds for recovery the defendants alleged that the plaintiff had the officer serving the writ to seize the tools and equipment belonging to the defendants, and that the plaintiff and the officer had held possession thereof since 'said time, and they sued for the reasonable value of such tools. While testifying as a witness in his own behalf, J. J. Powers was asked the question, "Have you seen tools of this kind (meaning the tools described in plaintiff's petition) and have you rented tools of this kind?" To which the witness answered, "Yes, sir." "Do you know what the reasonable rental value per day would be for this kind of tools?" To which question and answer sought to be elicited thereby the plaintiff objected, for the reason that the question did not confine the inquiry to the locality where the tools were located and used, and because the same was immaterial and irrelevant and not based upon any pleadings or representations of damages entitling the defendants to recovery, and because the witness was not qualified to testify as to the reasonable rental value per day of such tools, which objection was by the court overruled, and the witness was permitted to answer, "Those tools were rented at $15 per day with Mr. Morrison's services."

[4] Plaintiff's assignment refers the court only to exception No. 1, and by referring to that exception we find no reference to the statement of facts or to the testimony of Powers in connection with this inquiry. Mr. Powers' testimony covers some 33 pages of the statement of facts. We do not feel called upon to examine said testimony critically in order to find out whether any such testimony was offered, and, if so, whether Powers did qualify as a witness to testify upon this issue. The pleadings, we think, are sufficient to justify the admission of the testimony upon the reasonable rental value of the tools in question, and Powers testified that he had been engaged in this character of work as an engineer and contractor for some 20 years. Rule 25, prepared by the Supreme Court for the guidance of Courts of Civil Appeals (Harris, Rules of the Courts, 1921), provides that to be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to

identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or the rejection of evidence, or upon any other matter relating to the cause or its trial, etc., and must refer to that portion of the motion for a new trial in which the error is complained of. There seems to be a total disregard of this rule in this assignment, and therefore we overrule it, as well as other assignments that are subject to the same objection.

[5] Under the sixth proposition, appellant complains of the testimony of W. B. Morrison and to the question eliciting such testimony. Mr. Morrison was asked what material was H. H. Stone to furnish, and Morrison answered that he was to furnish a complete pile driver. To which question and answer sought to be elicited plaintiff's counsel objected, because the question was leading and assumed and suggested to the witness that the plaintiff had agreed to furnish something. The contract provided that plaintiff was to furnish all rock, sand, gravel, cement, and reinforcing. The word "material" means "the substance of which anything is made." The pile driver was not a substance of which the concrete piles were made, but was an equipment to be used in the making. But there was no objection to the answer on the ground that it was not responsive to the question. If the witness had answered the question that appellant was to furnish all rock, sand, gravel, etc., we do not think there could have been any well-founded objection to such question and answer. The fact that the witness did answer with reference to an equipment does not sustain the objection made by the plaintiff below. Hence the assignment is overruled.

[6] The seventh proposition is that the trial court erred in permitting the counsel for defendants to ask W. B. Morrison, while on the stand, "Was you and Powers to get that driver?" The proposition does not show what answer as made to the question, hence it fails to point out definitely the error complained of.

[7] The eighth proposition objects to the admission of the following interrogatory to E. M. Puckett, engineer in charge of the work:

"Do you remember having a conversation with Mr. Stone in Mr. Morrison's office in the presence of Mr. Brewer, in your office, rather, in which Mr. Brewer was present, when you were discussing the question of Mr. Stone furnishing or going to buy new equipment?"

To which question and answer sought to be elicited thereby the plaintiff by counsel objected, for the reason that it was an attempt to vary and contradict the terms of a written contract, in that the evidence theretofore introduced and the pleadings of the defendants herein showed that it was a written contract and that there was no allegation in the pleading and no proof showing that there was any fraud or mistake in the execution of said contract, and that the contract spoke for itself and was the best evidence. The court overruled the objection, and the witness answered:

"I don't remember Mr. Brewer being present or just what time it was, but I know Mr. Stone did make the remark one time that he was going to buy a new hammer to drive the piling with."

And in answer to the further question, "Isn't it a fact he rented one, that Mr. Stone rented a hammer from some one to use on that very job?" the witness answered, "Yes, sir; I understand he rented it."

The contract set forth in plaintiff's original petition between him and the defendants below did not specifically provide who was to furnish the equipment necessary to do the work of casting and driving the piles. The defendants did plead that at the time of entering into the contract the plaintiff inquired of defendants if they had sufficient equipment to perform the services and labor they were contracting to perform, and the defendants told him that they had a drop hammer but did not know whether said hammer would be sufficient to perform said services, and plaintiff told them that if the hammer owned by them was not sufficient to perform said services, that he, plaintiff, would procure for them sufficient equipment to do the work, but that in his opinion the equipment then owned by defendants was sufficient.

There was ample evidence to sustain the finding of the jury that the plaintiff did agree to furnish a hammer, one larger than that owned by the defendants and of a size necessary to comply with the engineer's requirements. We think both the pleading and evidence were sufficient to sustain the conclusion evidently reached by the jury and the trial court that, at the time the contract was signed, or shortly thereafter, defendants told plaintiff that they did not know whether they had sufficient equipment and especially a hammer of sufficient size to do the work contracted to be performed, and that plaintiff told them that he would buy or rent them a hammer sufficient, if necessary. Therefore the assignment is overruled.

For the reasons stated, the judgment of the trial court is in all things affirmed.