We recommend that the question certified be answered "no."

CURETON, C. J. The opinion of the Commission of Appeals answering the certified question is adopted, and ordered certified to the Court of Civil Appeals.

---

## STONE v. MORRISON & POWERS.
### (No. 819—4855.)

Commission of Appeals of Texas, Section B. Oct. 19, 1927.

**1. Contracts ⬦47—Contract must have consideration.**

Every contract must be supported by a consideration.

**2. Contracts ⬦237(1)—Where contract to cast and drive concrete piles was complete in itself, subsequent agreement to furnish hammer for driving piles held unenforceable, in absence of new consideration.**

Where written contract to cast and drive concrete piles for bridges was complete in itself, subsequent agreement of one party to furnish other with hammer for driving of piles could form no basis of action for damages for failure to do so, in absence of any new consideration.

**3. Contracts ⬦75(2)—Promise to complete contract to cast and drive concrete piles was no consideration for other party's agreement to furnish hammer for driving piles.**

Where original contract to cast and drive concrete piles for bridges was complete in itself, one party's agreement to return to work and to complete the contract was no consideration for other party's promise to furnish a hammer for driving of piles, since former undertook no new burden and latter received nothing that he was not already entitled to receive.

**4. Trial ⬦25(13)—In suit for breach of contract, wherein defendant reconvened for damages and plaintiff did not waive claim for damages and had burden of proof, held plaintiff was entitled to open and close.**

In suit for breach of contract to cast and drive concrete piles for bridges, wherein defendant reconvened for damages for breach of supplemental contract to furnish hammer for driving piles, plaintiff, not abandoning claim for damages and having the burden of proof upon the whole case, *held* entitled to open and to conclude the argument to the jury; there being no admission entitling defendants to open and conclude argument under rule 31 for district courts.

**5. New trial ⬦21—New trial should be granted for denial of right to open and conclude argument.**

Right to open and conclude argument to jury is a valuable one, and court should grant new trial when it is wrongfully denied.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by H. H. Stone against Morrison & Powers, in which defendant filed a cross-action. Judgment for defendant was affirmed by the Court of Civil Appeals (294 S. W. 641), and plaintiff brings error. Judgments of trial court and Court of Civil Appeals reversed, and cause remanded to trial court.

W. G. Eustis and Frank Holaday, both of Henrietta, and John T. Suggs, of Denison, for plaintiff in error.

Wantland & Glasgow, of Henrietta, and Taylor, Muse & Taylor, of Wichita Falls, for defendant in error.

SPEER, J. The plaintiff in error sued the defendants in error upon a certain construction contract to recover damages for money paid and for an injunction to prevent the defendants from interfering with the plaintiff's completion of the work undertaken. The defendants denied generally the allegations of the petition and reconvened for damages for an alleged breach by plaintiff. The cause was submitted to a jury upon special issues upon which the trial court entered judgment for the defendants, which judgment was affirmed by the Court of Civil Appeals. 294 S. W. 641.

Plaintiff in error presents three points for reversal: First, that the contract between the parties, being in writing and complete within itself, the additional agreement of the plaintiff in error upon which the defendants in error recovered was unenforceable for want of consideration; second, that the burden of proof being upon the plaintiff below upon the whole case, he was entitled to open and conclude the argument to the jury, and that the court erred in permitting defendants in error to open and conclude; and, third, he presents a complaint as to the admission of defendant in error Morrison's testimony, contending that the same was expert testimony when the witness had not shown himself qualified as an expert.

The Court of Civil Appeals has not clearly stated its views upon the question first presented, that of want of consideration for the plaintiff in error's promise upon which the defendants in error recovered. Justice Buck, in writing the opinion, does say, however:

"We think both the pleading and evidence were sufficient to sustain the conclusion evidently reached by the jury and the trial court that, at the time the contract was signed, or shortly thereafter defendants told plaintiff that

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

they did not know whether they had sufficient equipment and especially a hammer of sufficient size to do the work contracted to be performed, and that plaintiff told them that he would buy or rent them a hammer sufficient, if necessary. Therefore the assignment is overruled."

The contract which was for the construction of certain bridge work was in writing, and clearly stipulated what the plaintiff in error was to furnish, and did not include the hammer for driving the piles. By it, the defendants in error agree—

"to cast and drive concrete piles for three bridges on state highway No. 50, F. A. P. 449A, in Clay county, Tex., in accordance with plans and specifications for such work on file in engineer's office."

The defendant in error's recovery was upon the failure of the plaintiff in error to furnish this hammer after he had agreed to do so. Mr. Morrison, one of the defendants in error, testified:

"They entered into the work, not knowing what the specifications were. His recollection was that he learned what the specifications were about a week after the contract was signed. That was when he found out the hammer they had would not work. 'We told Stone that we hadn't the equipment to drive the piling and had made arrangements to take care of the freight and so on to get it here. They began building forms on the job about ten days after the contract was signed up. After they went to work they found that the specifications called for a hammer they did not have. * * * Mr. Puckett, the engineer in charge, says: 'Gentlemen, what it will take to drive that piling is right there. Can you read it?' And we read it. He wouldn't stand for nothing but a No. 1 hammer, and we told Mr. Stone we didn't have it. * * * The agreement we had with Mr. Stone, after we told him we didn't have a No. 1 hammer; he says, 'Now, I will tell you what you boys do, you go down to Fort Worth and rent one. I know there are plenty of them in the country. I will help you get it;' and so me and Mr. Powers went to Fort Worth and to Dallas and looked all over the country and couldn't find a No. 1 hammer, so we called Mr. Stone and I told him to meet us in Mr. Powers' office that evening, and he said he would be there. * * * Mr. Powers and I then discussed it and decided we couldn't handle the job, so we met Mr. Stone and told him the whole thing, under the conditions, that this hammer wouldn't do at Wichita Falls, and wouldn't any of the rest of the equipment do; that the boiler was too light to handle a No. 1 hammer while it would handle a No. 2, so we went around and told him that we had tried all over that country, * * * and he said, 'You boys are discouraged; you go back to work up there and,' he says, 'I will see you through with this thing if I have to buy new equipment; I have got what it takes to buy it.'"

This constitutes the gist of the evidence supporting the recovery. The submission of the defendant's issues were properly objected to.

[1-3] It is fundamental that every contract must be supported by a consideration. It is no less true that a supplemental contract whereby a new or additional obligation is assumed must likewise be supported by a consideration for such supplemental agreement is nevertheless a contract itself. The written contract between the parties being complete within itself, the subsequent agreement by plaintiff in error to furnish a hammer for driving the piles could not form the basis of an action for damages unless the same was supported by a new consideration. There is no hint in the evidence that there was any consideration other than the completion of the work undertaken in the original contract. The defendants in error's agreement to return to the work and complete the job was no consideration at all for the new promise. They already were under contract obligations to do this very thing, so that they never undertook any new burden by the promise, nor did the plaintiff in error receive anything he was not entitled to receive under the terms of the original contract. It is clear from the pleadings and the evidence that the promise of Stone to furnish the hammer was no part of his original undertaking when the contract was made, and that his agreement to furnish a hammer was no part of the inducement to defendants in error to enter into the contract. It was therefore without any consideration whatever. Bonzer v. Garrett (Tex. Civ. App.) 162 S. W. 934, writ of error refused. There is nothing in the pleadings or the evidence to make this a case of novation. There is no contention that the original contract was rescinded and the parties released and that a new contract was entered into. This would have presented a different question. Davis v. Wynne (Tex. Civ. App.) 190 S. W. 511, writ of error refused. It cannot be true that the mere agreement of defendants in error not to breach their contract, but to go on and complete the work, would constitute any new consideration whatever. The right to a discharge of this duty already belonged to plaintiff in error. Giersa v. Dennison, etc., Co. (Tex. Civ. App.) 45 S. W. 925. A person who refuses to perform the services contracted for at the stipulated price cannot predicate consideration for a subsequent agreement to perform them upon increased compensation upon the actual performance thereof. And for a like reason, there being no consideration for plaintiffs in error's promise to supply the hammer which, under the original contract the defendants in error were to furnish, the promise is unenforceable. McDonough v. Saunders, 201 Ala. 321, 78 So. 160, 11 A. L. R. 419; Elliott on Contracts, § 1989; 6 R. C. L. p. 664, § 73.

[4] As to the second error assigned, the Court of Civil Appeals held that the burden of proof on the whole case was on the defendants, and therefore they were clearly entitled to open and conclude the arguments.

But let us see if this position can be defended. The plaintiff's petition alleged the making of the contract and the failure and refusal of the defendants to perform the same, and alleged that they had apparently abandoned such contract when plaintiff undertook to perform the work himself, but his workmen were forcibly stopped by defendants, and he had been unable to proceed with the construction; that he had paid to the defendants upon said contract about $6,000, and that, if the defendants had fully performed their contract, there would be due them not exceeding the further sum of $4,000; that, in order to do this work in accordance with the contract, it would cost about the sum of $10,000; that the defendants are insolvent and unable to do the work, and have failed or refused to perform the contract or to let plaintiff do the work. He prayed that he have judgment against the defendants for the money paid them, and that the temporary injunction theretofore granted be perpetuated. The defendants answered by a general denial and by a plea for damages for the plaintiff's failure to furnish a hammer for driving the piles as already referred to.

The Court of Civil Appeals said:

"Evidently the trial court concluded that the plaintiff below had abandoned his claim for damages. In so far as his prayer for injunction was concerned, such matter had already been settled and the injunction granted. The trial court evidently understood that the plaintiff was not attempting to recover against defendants any money judgment, but that the defendants were attempting to recover against the plaintiff a money judgment for damages."

The record does not support this assumption. The pleadings have been noticed. The court submitted issues tendered by the plaintiff's petition and joined by the defendant's general denial. For instances, in issue No. 5, he submitted:

"What would have been the reasonable expense for completing the job under contract between plaintiff and defendants after the 15th day of May, 1925?"

And special issue No. 6:

"What was the cost of the labor in casting the piling that was not driven by the defendants and not condemned?"

And special issue No. 8:

"Did the necessity for the construction of the bents arise by reason of any fault upon the part of the defendants in the casting and curing of the piling?"

And special issue No. 16:

"What amount of money was reasonably necessary and required to complete the work after the 15th day of May, 1925, with proper equipment?"

Thus it is shown plaintiff in error's cause of action for damages was not abandoned, but was submitted, in part.

There is no contention that the defendants filed the admission required by rule 31 for the district courts entitling them to open and conclude the argument and the burden of proof upon the whole case under the pleadings being upon the plaintiff, the trial court erred in permitting the defendants that privilege. American Law Book Co. v. Fulwiler (Tex. Civ. App.) 219 S. W. 882; Carter v. Brown (Tex. Civ. App.) 219 S. W. 292; Mayfield v. Son (Tex. Civ. App.) 278 S. W. 462; Jackes-Evans Co. v. Goss (Tex. Civ. App.) 254 S. W. 320; Producers' Oil Co. v. State (Tex. Civ. App.) 213 S. W. 349.

[5] It is needless to cite authorities to the proposition that the right to open and conclude the argument to the jury is a valuable one for the wrongful denial of which a new trial should be granted.

With respect to the third assignment, we think the Court of Civil Appeals correctly held that the testimony as to the qualification of the witness was sufficient to authorize the admission of his opinion with respect to the concrete piles.

For the errors discussed, we recommend that the judgment of both courts be reversed, and the cause remanded to the trial court for trial not inconsistent with this opinion.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded, as recommended by the Commission of Appeals. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.