## McKINNEY v. WATTS.

### No. 13463.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 27, 1936.

**674**

W. D. Garnett, of Gainesville, for appellant.

John W. Culp, of Gainesville, for appellee.

DUNKLIN, Chief Justice.

J. A. McKinney instituted this suit against C. Floyd Watts to recover damages for personal injury alleged to have been sustained from being struck by an automobile driven by Oldham Watts, the minor son of defendant, in the town of Gainesville.

According to allegations in his petition, he was struck by the automobile as it turned from the east side of Commerce street into a driveway leading from that street to the Home Ice Company plant. Plaintiff had just walked across the street from its west side and was struck when he stepped upon the sidewalk on the east side.

It was alleged that Oldham Watts was guilty of negligence in several particulars, including his failure to keep a proper lookout for pedestrians, each of which was a proximate cause of plaintiff's injury, for which damages were claimed in the sum of $6,855.

Plaintiff sought to hold defendant liable for the alleged negligence of his son, Old-

ham Watts, on one or the other of three alternative theories presented in allegations, in substance as follows:

(1) That, while driving as the defendant's agent and servant, the son was operating the car on his way to the ice plant to get a supply of bottled milk which defendant kept there in storage for delivery to customers of his dairy business.

(2) That Oldham Watts was of immature age and discretion and a careless and reckless driver of automobiles, which fact was well known to the defendant, and defendant was guilty of negligence in permitting him to drive the car on the occasion in question.

(3) That the car was furnished by defendant for daily use by members of his family, including Oldham Watts, for their pleasure and convenience, and was being so used by the son at the time of the accident, and therefore defendant was liable for the negligence of Oldham Watts, under the "family purpose doctrine."

The defendant pleaded contributory negligence of plaintiff as a bar to his suit, in several particulars including allegations that he failed to keep a proper lookout for approaching cars and was busily engaged in rolling a cigarette as he walked in front of the car driven by Oldham Watts.

In answer to special issues, the jury found that Oldham Watts failed to keep a proper lookout for pedestrians, and in such failure was guilty of negligence which was a proximate cause of plaintiff's injury and for which plaintiff had sustained damages in the sum of $350. But by further findings all other grounds of negligence alleged by plaintiff as a basis for recovery were rejected.

The jury further found plaintiff guilty of negligence proximately contributing to his injury in his failure to keep a proper lookout for approaching automobiles, and in the fact that he was engaged in rolling a cigarette as he walked into the driveway in the path of the approaching automobile.

Upon the verdict the court granted defendant's motion for judgment in his favor and overruled plaintiff's motion for judgment in his favor for the damages in the amount fixed by the jury.

No statement of facts has been brought up with the record here. In appellant's brief this is said:

"In order to conserve the time and labor of this Court in consideration of this appeal, appellant has eliminated and foregoes briefing all assignments of error, which may be of questionable merit, and predicates this appeal upon only two serious errors committed in the trial court upon the trial of this cause, viz:

"1st. The error of the trial court in sustaining appellee's special exception to the allegation of negligence in appellant's petition, 'that Oldham Watts, appellee's minor son 15 years of age, was of immature age and discretion, and a careless and reckless driver of automobiles, and that his father (appellee) knew this fact, or could have known it by the exercise of ordinary care and diligence, and that he was guilty of negligence in permitting said Oldham Watts to drive said delivery automobile upon said occasion, and said negligence on appellee's part was a proximate cause of said collision and appellant's injuries.

"2nd. Because of the highly prejudicial, unfair, improper and suggestive argument and unsworn testimony of appellee's counsel, John W. Culp, Esq., when he used the following language in his argument to the jury:

"After you have returned your verdict in this case, I want you to go to the ice plant on Commerce Street (where the accident in question occurred) and stand on the little concrete platform in front of the door of the plant, and if you will then come and tell me that you can see the electric light suspended in the center of the crossing of Commerce and Broadway Streets (south of said ice plant), I will buy you a new hat."

■ It is a well-settled general rule of decisions that in the absence of a statement of facts only fundamental error, apparent on the face of the record, may be considered on appeal. 3 Tex.Jur. pp. 525 to 531.

■■ In the absence of a statement of facts, the findings of plaintiff's negligence cannot be attacked, and those findings precluded a recovery even though the court had overruled the exception to the portion of plaintiff's petition pointed out in the assignment, and evidence had been offered to sustain those allegations and the jury had found in plaintiff's favor thereon.

■ The record shows that, when the statement of defendant's counsel, recited in the second assignment of error, was made, the court promptly sustained plaintiff's objection thereto and instructed the jury not to consider it for any purpose.

The rule of decisions is that, when the evidence is sharply conflicting on a controlling issue and the improper argument to the jury is of such inflammatory or prejudicial character that it is not probable that its prejudicial effect was removed by an instruction of the court not to consider it, the judgment will be reversed by reason of the argument notwithstanding its exclusion by the court. But, in the absence of such a showing, it is presumed the jury followed the court's instruction to disregard the argument. 41 Tex. Jur. § 92, p. 830, § 93, p. 832, and decisions there cited.

The bill of exception to the argument of defendant's counsel pointed out above recites that counsel for plaintiff objected thereto "because it was highly prejudicial, unfair, suggestive, unsworn testimony of the attorney after the evidence was closed, and was an improper attempt to contradict and impeach the testimony of plaintiff's witness, R. E. Powell, who had testified that while sitting in a chair at the edge of the little concrete platform in front of the ice plant he had seen Oldham Watts down about the intersection of Commerce and Broadway Streets approaching in an automobile from the south immediately before the accident, and at said time said Watts was driving said auto at a speed of from 30 to 35 miles an hour."

It thus appears that the objectionable argument of defendant's counsel was directed solely to the issue of whether or not Oldham Watts was driving the automobile at a speed in excess of 20 miles an hour as alleged in plaintiff's petition, and upon that issue the jury found in defendant's favor. The argument could not have been understood as bearing upon the issues of plaintiff's contributory negligence in failing to keep a proper lookout for approaching cars and in rolling a cigarette while he walked in front of the car, and answers to both of which were in the affirmative.

■ We are not unmindful of the rule announced in the opinion of the Commis-

sion of Appeals in Bell v. Blackwell, 283 S.W. 765, and many other decisions following it, to the effect that, in order to hold that an error committed on trial of the case does not require a reversal of a judgment, it ought clearly to appear that no injury could have resulted to the party complaining thereof. But under the circumstances recited above that rule of decisions has no proper application here; and hence the assignment of error to the improper argument must be overruled.

The judgment of the trial court is affirmed.