### AMERICAN REPUBLICS CORPORATION v. HOUSTON OIL CO. OF TEXAS.

No. 11833.

Court of Civil Appeals of Texas. Galveston.

Jan. 9, 1947.

Rehearing Denied Jan. 30, 1947.

T. J. Arnold and O. A. McCracken, Jr., both of Houston, for appellant.

Blades, Chiles, Moore & Kennerly, M. C. Chiles and W. J. Kronzer, Jr., all of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 61st District Court of Harris County, sitting without a jury, wherein, upon the pleadings and the facts before it, the court found appellee, Houston Oil Company, to be

indebted to appellant, American Republics Corporation, in the total sum of $3,591.98—with an added $1,083.62 as interest thereon—for one-half the cost to appellant of 13 oil, gas, and mineral leases on lands in Newton County, Texas, an undivided one-half of which was assigned and transferred by appellant to appellee by instrument dated June 12, 1941, such prior outlay to appellant having been for delay rentals and bonuses it had paid on the leases up to that date, June 12, 1941.

But the court denied appellant any recovery upon an additional sum of $6,493.34, claimed by it to be due from appellee for one-half the cost of geophysical and exploration work it had done prior to such assignment in the vicinity of and in connection with such leased lands.

As indicated, the trial, on both the facts and the law, was had before the court, without a jury; no statement of facts was brought up with the record, the court stated none in its judgment, and appellant made no request of it for additional conclusions of either fact or law.

In this state of the record, as appellant readily concedes in both its brief and oral argument, if there were any material issues of fact before the trial court, by well-settled authority, the conclusive presumption of law on appeal is that all such facts were found below in such way as to support the judgment there rendered, and this court must affirm it, unless there is fundamental error apparent upon the face of the record so brought up. 3 Tex.Jur., Section 372, page 528; 4 Tex.Dig., Part 1, Appeal and Error, ▮▮▮▮▮ McKinney v. Watts, Tex. Civ.App., 99 S.W.2d 673; Hursey v. Hursey, Tex.Civ.App., 165 S.W.2d 761, writ of error dismissed; Corbett v. State, Tex.Civ. App., 153 S.W.2d 664, writ of error refused; 3 Tex.Jur., Section 371, p. 526.

Upon careful examination, this court is unable to find any fundamental error of law, concluding rather that the trial court could not properly have rendered any other judgment than the one it did, upon the plain face of the pleadings before it, especially when supported by such presumed state of evidence the record shows was heard on the issues raised by the pleadings of both sides.

But appellant ably contends before this court, both by its brief and oral arguments, that its right to charge against and collect from the appellee the sued-for costs to it for geophysical and geological explorations it had made "for its own account" up to the date of its assignment of the one-half interest in the leases to the appellee, had been all settled by the express terms of the written contract between the parties, which was evidenced by letters passing between them concerning such costs, copies of which were attached to its pleadings, as follows: (1) Appellant's letter to appellee of April 29, 1941, offering it the one-half undivided interest in the leases, and the latter's reply thereto of May 26, 1941, allegedly accepting such offer "unqualifiedly"; (2) appellant's written assignment of such one-half interest to appellee of June 12, 1941; (3) appellant's statement of May 31, 1941, charging appellee, under its acceptance letter of May 26, 1941, both with the $3,591.98 for bonus and delay rental, and a claimed additional amount of $6,493.54 for geophysical costs.

The appellee, however, in denying such claim for geophysical and geological work, attached to its answer copies of a third instrument between the parties, dated June 22, 1937, modifying their original operating contract and conveyance of November 15, 1916, and providing with reference to such geophysical and geological work that henceforth from that date no such costs should be charged against the appellee, unless and until both parties had agreed thereto in advance.

It is deemed unnecessary to here set out in full, or even to analyze all such documentary evidence tending to show what the resulting contract was between the parties, further than to restate the controlling features thereof as to indicate the basis of this court's conclusion of law: that is, that appellant is inept in its contention that the overall legal purport of the contract for the sale and purchase of the one-half interest in the leases involved, upon the face thereof, bound the appellee, under its recited "unqualified" acceptance of appellant's offer, to pay for the geophysical costs.

The vice in appellant's view that the letters it attached alone—as a matter of law—bound the appellee to so pay for the geophysical costs because of its use of the phrase, "in making this acceptance we do so unqualifiedly," is that it completely ignores these two things; (1) The fact that by appellant's own pleadings the original operative contract of November 15, 1916, and the modifying letter relating thereto of June 22, 1937, along with paragraph 7 of such original contract, and this appended qualification to appellee's acceptance letter of May 26, 1941, on the faces thereof, did change, qualify, and modify the composite contractual relations existing between the parties at the time of the assignment of the leases on June 12, 1941; that is, appellee in accepting the lease in its letter of May 26, 1941, added this direct qualification to that acceptance: "In connection with this acceptance, we call to your attention by separate letter the desirability of discussing and agreeing upon the questions of whether the cost of geophysical work may and should be allocated in the cost of the leases, and whether rentals heretofore paid under the terms of any or all of these leases would be part of additional cost incurred up to the date of the assignment."

There can be no doubt—indeed, the appellant so conceded on the oral argument—that its own position declaring upon its cause of action for the geophysical costs, declared, in effect, that its letters so tendering or offering the appellee this one-half interest in these leases, especially the one of April 29, 1941, was not an isolated transaction, but was part and parcel of the contractual relations that had been existing between the parties from November 15, 1916, hence the original contract of that date, as well as the intervening letter modifying it of June 22, 1937, along with the subsequent ones already listed relating to the dispute over the geophysical costs, all had to do with the same transaction between the parties, hence were properly construable together.

Without extended discussion, this court holds that appellants' contention that all such pre-existing contractual relations and operations were in effect discharged, and that its offer of April 29, 1941, to the appellee constituted the tender of a new obligation upon the part of appellee and the substitution of a new agreement between them, by which the latter unconditionally accepted the one-half interest in the lease with the agreement recited on the face thereof to pay for the geophysical costs, is unsound; that, on the contrary, it clearly appears from a consideration of all such documents and written correspondence between the parties that no novation of the pre-existing contracts was either intended, or took place; this for the reasons already indicated.

It follows that the judgment appealed from should be affirmed, for reasons, among others, that are thus thought to be well stated in appellee's brief:

"(1) There is no statement of facts in this cause, and since the judgment entered by the trial court and other records in this court show that the trial court heard evidence in the case and the pleadings of appellee make a complete defense to that portion of appellant's cause of action denied by the judgment of the trial court, the presumption of law is that the trial court's judgment is supported by the facts. There is no fundamental error patent upon the record.

"(2) On April 29, 1941, the date of the letter by appellant tendering to appellee an undivided one-half interest in the thirteen oil and gas leases here involved, appellant was bound under its contracts of November 15, 1916, and June 22, 1937, with appellee to tender, assign and deliver to appellee, an undivided one-half interest in said thirteen leases upon payment of one-half the bonus paid by appellant to the landowners plus one-half of the annual rental paid thereon and that appellee was not bound to repay appellant the geophysical and exploration costs claimed by it and denied to it by the trial court.

"(3) There is not and was not any consideration for the purported contract claimed by appellant to have been formed by the correspondence between the parties of April 29, 1941, and May 26, 1941.

"(4) There was no intention to enter into and make a 'new and independent' contract modifying the binding obligations of the operating contract and conveyance of November 15, 1916, and the letter agreement of June 22, 1937.

"(5) The so-called 'acceptance letter' of May 26, 1941, was not an unconditional acceptance of all the terms of the 'tender letter' of April 29, 1941. It did accept the interest in the leases tendered as appellee had the right to do under the contracts of November 15, 1916, and June 22, 1937, but it did not accept and agree to pay the geophysical and exploratory cost claimed by appellant, which facts were found and adjudged by the trial court." Stone v. Morrison, Tex.Com.App., 298 S.W. 538; Texas Company v. Ramsower, Tex.Com.App., 7 S.W.2d 872; 1 Williston on Contracts, Rev. Ed.1936, § 73; 10 Tex.Jur., § 23, pp. 42, 43, 44; Brillhart v. Beever, Tex.Civ.App., 198 S.W. 973; Walker Grain Co. v. Denison Mill & Grain Co., Tex.Civ.App., 178 S.W. 555.

It will be so ordered.

Affirmed.